ARTHUR C. BIGELOW, Respondent, v. JAMES LEGG et al., Appellants.

*It seems* that in an action to recover damages for the refusal of a vendee to accept goods, as required by his contract of purchase, the measure of damages is the difference between the market value of the goods at the time of the breach of the contract, and the price at which the vendee

agreed to take them; and where, after refusal to accept, and after notice to the vendee, the goods are sold by the vendor at auction, the price realized may properly be taken into consideration in fixing the market value. Custom or usage cannot control the legal rules applicable to the construction of a contract, and evidence that by a custom a contract means something different from what its terms clearly import, is inadmissible.

(Submitted March 12, 1886; decided March 26, 1886.)

THIS action was brought to recover damages for an alleged breach of a contract of sale by plaintiff and purchase by defendants of a quantity of wool. The principal question on the trial was as to the terms of the contract. The jury found in favor of plaintiff's version. It was not claimed here that the evidence was insufficient to authorize a recovery. A motion was made upon the minutes for a new trial, on the ground that the verdict was against the weight of evidence and excessive, and an appeal was taken from the order denying the motion. The following is an extract from the opinion :

" So far as it depends upon the weight of evidence it is not reviewable in this court. (*Young* v. *Davis*, 30 N. Y. 134; *Barrett* v. *Third Ave. R. R. Co.*, 45 id. 628.)

" As to the damages, the court charged the jury, that if their verdict was for the plaintiff it should be the difference ' between the market value of the wool at the time of the breach of the contract and the price at which the defendants had agreed to take it.' This is not only the general measure of damages in such cases, but no exception was taken to the charge in this respect, and it became the rule by which both parties were bound. The refusal of the defendants to take the wool was on the twelfth of January ; it was sold at auction on the nineteenth, after notice to the defendants, and the court charged that the price then realized might be taken into consideration in fixing the market value. Complaint is now made of this direction. It was not excepted to at the trial. It was proper in itself. The price obtained after such default, upon a resale, within a reasonable time, although at auction, is evidence of the market value of an article and to be allowed such weight as the circumstances of the sale entitle it to. (*Gill* v. *McNamee*, 42 N. Y. 44.)

"In the course of the trial the plaintiff introduced in evidence, without objection by defendants, a sales note dated 'BOSTON, *January* 10, 1883,' in these words:

" 'Sold for account of Mess. A. C. Bigelow & Co., Boston,
                    To Mess. James Legg & Co.,
                                        Mapleville,
                                            R. I.

---

30 | 35,000 lbs. Michigan × fleece wool.
         Like 30 bags shipped Jan'y 8th, 1883.
W ool to be handled by Mills & Coffin.

---

At 35½ c. p. lb.
Fare.
Terms net cash.

MILLS & COFFIN,
*Brokers.'*

"This note was in duplicate. A copy was sent by the brokers to each party on the day of its date. The defendants' counsel offered to show that this sales note was a mere memorandum, which, according to the custom of brokers and dealers in wool, amounted to a proposition which might be accepted or rejected by either side, and which, until rejected or accepted by both, was left open. This was objected to, the objection sustained, and an exception taken by the defendant. We think it cannot prevail. The terms of the note, however comprehensive, are of no importance, unless the persons signing it were in fact the brokers or agents of the party for whom they professed to act, nor unless the contract expressed by those terms was one which they were authorized to make. If that in question was of such character, no usage could control the rule of law applicable to its construction."

*Alex. Thain* for appellants.

*Frederic A. Ward* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.