[No. 10381.  Department One.  August 21, 1912.]

CARVER-SHADBOLT COMPANY, *Respondent*, v. G. C. KLEIN, *Appellant*.[1]

SALES—BREACH BY VENDEE—MEASURE OF DAMAGES. Where, upon a breach by the buyer of a contract to purchase hogs, the market price went down, and the seller used due diligence and made as advantageous sales of the remainder as the circumstances would permit, both as to the time and the price obtained, the measure of damages is sufficiently fixed by the difference between the contract price and the price obtained, plus his expense in feeding the hogs beyond the time he had agreed to do so; as it is a fair conclusion from his diligence that his loss was no greater than if he had sold at the market price on the day of the breach.

Appeal from a judgment of the superior court for Franklin county, Neill, J., entered April 8, 1911, upon findings in favor of the plaintiff, in an action on contract, after a trial to the court. Affirmed.

*Moulton & Henderson,* for appellant.

*Parker & Richards* and *H. B. Noland,* for respondent.

[1]Reported in 125 Pac. 944.

PARKER, J.—This is an action to recover damages which the plaintiff alleges resulted to it from the breach of a contract upon the part of the defendant, by which contract he agreed to purchase from it 202 hogs. A trial before the court without a jury resulted in findings and a judgment in favor of the plaintiff for damages in the sum of $466.51. The defendant has appealed.

The court found in substance as follows: On September 22, 1909, respondent sold to appellant 202 hogs, at the agreed price of 8½ cents per pound, f. o. b. at Wapato station, in Yakima county. He then paid upon the purchase price $1,643.48, and took 86 of the hogs, leaving 116 in possession of respondent. Appellant having failed to take and pay for the 116 hogs, on the 4th day of November respondent notified him that, if he did not take the hogs within three days, it would sell them and charge the loss and any damage and expense incurred by it to him. Under the original contract of sale, respondent was to feed the 116 hogs until October 19, and between that time and November 4, appellant still signified his intention of taking the hogs and did not repudiate the contract prior to November 4. On November 18, respondent sold 86 of the hogs at 7¼ cents per pound, and on November 23, it sold the remaining 30 at 8 cents per pound, realizing on these sales $294.07 less than it would have realized had it received 8½ cents per pound, the agreed price in its sale contract with appellant. During the period from the giving of the notice by respondent to appellant that it would sell the hogs if he did not take them, until the hogs were sold by respondent, it incurred an expense in feeding the hogs amounting to $172.44. The damages awarded to respondent by the court was the aggregate amount of this sum and the $294.07 difference between the contract price and the amount respondent sold the hogs for. The hogs were sold by respondent at the market price. It is apparent that the court proceeded upon the assumption

that the following facts also appeared from the evidence, though no specific findings were made thereon. The weight of the 116 hogs did not materially change between the time of giving the notice on November 4th and the sale of them by respondent, and in making the sales of the hogs respondent used due diligence and made as advantageous sales as the circumstances would permit, both as to time and the price he procured at those sales.

The argument of counsel for appellant is addressed largely to the question of the sufficiency of the evidence to establish the facts found by the court, and the facts which we have noticed must have been assumed by the court as proven by the evidence. We have carefully read all of the evidence and deem it sufficient to say that we are convinced that the trial court was fully warranted thereby in proceeding upon the theory that the facts were proven substantially as we have above briefly narrated.

The arguments of counsel for appellant upon law questions have but little application to these facts; but to other facts which they contend were shown by the evidence. It is insisted, however, that even these facts fail to disclose any proper measure of damage as a basis for the judgment; it being argued that the market value of the hogs, on the 7th day of November, which under the facts would be the date of the breach of the contract by appellant, does not appear, and that the only proper measure of damage would be the difference between the market value on that day and the agreed contract price. We think, while there was no direct evidence to show the market value on that day, it is a fair conclusion from the evidence showing due diligence on the part of respondent in selling the hogs, both as to time and price obtained, that the amount of respondent's loss, made up of his loss in price and his expense in feeding the hogs thereafter, was no greater than it would have been had it then made sale of the hogs for whatever it could have gotten on

that day.   It is evident that respondent's diligence made its damage as small as possible.

The judgment is affirmed.

MORRIS, CROW, CHADWICK, and GOSE, JJ., concur.