[No. 12644. Department One. September 1, 1915.]

Oriental Trading Company, *Respondent*, v. M. H. Houser, *Appellant*.[1]

Time—Delivery of Goods—Hours of Day—Sales—Delivery. A contract for the purchase of wheat to be delivered at any time "after January 10 and February inclusive," includes business hours on February 28th, and cannot be restricted to banking hours on that day.

Tender — Agreement for Checks — Sales — Performance—Payment. Where the seller of wheat agreed to take cash or banking paper satisfactory to it which would give him the same credit as cash, and the cashier of the collecting bank agreed to accept a certified check upon any national bank in Seattle, tender of payment by such certified check within the time fixed for delivery is a sufficient tender.

Sales—Breach—Damages—Taxes Accruing. The seller of wheat to be delivered by February 28th, on breaking his contract and incurring liability for the value of the wheat, is not entitled to a credit for taxes on the wheat which became due and payable on March 1st.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 28, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Hall & Cosgrove*, for appellant.

*Corwin S. Shank* and *H. C. Belt*, for respondent.

[1]Reported in 151 Pac. 242.

Morris, C. J.—In December, 1913, respondent purchased from the appellant one thousand tons of wheat to be delivered between January 10 and prior to March 1, 1914. This action is to recover damages for failure to deliver, and an appeal is taken from judgment awarding such damages.

Under the contract of purchase, the buyer had the option of taking the wheat in one of two ways; either the grain itself f. o. b., steamer West Seattle, or by taking warehouse receipts for the grain. On February 25, 1914, respondent notified appellant it would exercise its option and take warehouse receipts, requesting the same to be sent it with draft attached. On the next day, respondent wrote appellant requesting him to send along with the warehouse receipts statements showing warehouse charges and insurance paid to March 1, with other customary expenses, such as loading, resacking, stenciling, and inspection fees, which appellant was required to meet under the contract.

Pursuant to the letter of February 25, appellant, who resided at Portland, sent his representative, Mr. Kettenbach, to Seattle with the warehouse receipts and draft. On Saturday, February 28, Kittenbach placed the draft with the Canadian Bank of Commerce for collection, under instructions from appellant "that if the bank would take any paper to be sure that we would get the credit." Kettenbach directed the bank to accept only cash or paper that would be satisfactory to the bank as cash. When the draft was presented to respondent, it required some acknowledgment of appellant's purpose to pay the charges referred to in its letter of February 26, and for this purpose Mr. Oda, representing respondent, accompanied the collector back to the Canadian Bank of Commerce, and endeavored to reach appellant at Portland by telephone. Failing to do so, a telegram was sent, and shortly before two o'clock respondent received a wire from appellant guaranteeing all charges in accordance with the contract. Oda then left the bank to obtain a certified check, the cashier of the bank having notified him that such

a check would be accepted if drawn upon any national bank in Seattle. About 2:30, Oda returned to the bank with a certified check on the Bank of California, which was in full compliance with the requirement of the cashier of the Canadian Bank of Commerce. In the meantime, Kettenbach had withdrawn the receipts and draft from the Canadian Bank of Commerce.

Appellant contends that respondent was not within time. The rights of the parties as to the time of payment are to be determined by the contract, not by the fact that appellant sought to close the matter up within banking hours on February 28. The contract had no such limitation, but read "delivery any time after January 10 and February inclusive." This would include business hours on February 28, and appellant could not deprive respondent of its right in the contract by shortening the time to banking hours on that day.

Two contentions of appellant are that payment must be made in legal tender, and that the collector of a draft cannot prolong the liability of a drawer without his consent. Both of these propositions must be admitted, but appellant had indicated to his collecting agent his willingness to accept either cash or banking paper satisfactory to it which would give him the same banking credit as cash. The cashier of the collecting bank, under this authority, agreed to accept a certified check upon any national bank in Seattle. This was presented to him and was satisfactory, and being within the time of delivery fixed by the parties, was a full compliance with the contract. Appellant plainly breached his contract and must answer for the damage.

The amount of damages depends upon the price of wheat on the day of the breach. After hearing the evidence upon this point, the lower court found the market price and fixed the damages at $1,833.33. The price as determined by the court is attacked by appellant, but the findings are clearly within the preponderance of the evidence.

Appellant contends further that he should be credited with the amount paid as taxes on the wheat, which became due March 1. We know of no reason why this credit should be allowed him. No taxes were due at the time of delivery fixed in the contract, and the rights of the parties must be determined as of that time. There is, however, no dispute in the record but that the price fixed by the witnesses and as found by the court took into account the fact that the taxes on the wheat were due and payable March 1.

The judgment is affirmed.

MOUNT, HOLCOMB, and PARKER, JJ., concur.