[No. 13547.  Department One.  December 6, 1916.]

A. B. HUGHES, *Respondent*, v. EASTERN RAILWAY & LUMBER COMPANY, *Appellant*.[1]

FRAUDS, STATUTE OF—SALES—EXECUTED ORAL CONTRACT—EVIDENCE—SUFFICIENCY. Where parties negotiated for a written contract for the sale of logs and failed to make a formal writing, but entered upon performance and logs were cut and delivered and paid for at the price apparently agreed upon, the courts will treat the contract as an executed oral contract, and the jury is warranted in finding a binding contract to sell and to buy.

LOGS AND LOGGING — SALES — BREACH OF CONTRACT — MEASURE OF DAMAGES—MITIGATION. Upon a breach of a contract to buy logs and a refusal to accept delivery, the seller's measure of damages is the difference between the contract price and the market value at the time and place agreed upon for delivery; hence it is admissible to show that the seller resold the balance of the logs upon more advantageous terms and so suffered no damages, the court taking into consideration such elements as the delay and expense incurred in the resale.

SAME—CONTRACT — BREACH OF CONTRACT — PROSPECTIVE PROFITS—MARKET—EVIDENCE. The rule allowing the seller his prospective profits in such a case applies only where there is no market, or the commodity is manufactured to meet a purpose leading away from, rather than into, a market; and a resale is competent evidence to prove a market.

CONTRACTS — ORAL CONTRACTS — BURDEN OF PROOF. In an action upon an executed oral contract for the sale of logs, there being no

[1]Reported in 161 Pac. 343.

written contract to overcome by clear and convincing evidence, it is sufficient to establish the oral agreement by a preponderance of the evidence.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 29, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Raymond J. McMillan, Ernest K. Murray,* and *C. D. Cunningham,* for appellant.

*Forney & Ponder* and *Wedmark & Grimm,* for respondent.

CHADWICK, J. — There are two questions in this case: First, whether there was a contract between respondent and appellant for the sale of logs; and second, whether it was competent for the appellant to prove a sale of the rejected commodity to another in defense of an action to recover the profit that would have accrued to respondent in producing the logs; that is to say, the difference between the cost of production and the price appellant agreed to pay.

We find that, in the negotiations of the parties, it was their intention to reduce their contract to writing; that no less than three tentative contracts were drawn up, but none of them were signed in a formal way; that, nevertheless, respondent proceeded to cut and deliver logs, and appellant received and paid for them at a price which seemed to have been the price agreed upon between them. We understand the rule to be that, where the parties have negotiated for a written contract and have failed to make a formal writing, but have entered into the performance of the contract and have proceeded so far in its execution that the terms can be readily ascertained, a court will treat the contract as an executed oral contract, and measure the rights and obligations of the parties accordingly.

With this rule before us, we have no hesitation in subscribing to the verdict of the jury that the parties had entered

into a binding contract, and that the one party was bound to sell and the other was bound to buy.

Appellant contends that the measure of damages is the difference between the contract price and the market price at the time of the breach. Respondent, with equal zeal, insists that he is entitled to recover the difference between the cost of stumpage and logging and the price appellant agreed to pay for the logs, regardless of any after sale, or of the sum realized upon such sale.

The question came up primarily in this way. Appellant offered to show that, after it had declined to receive further shipments of logs, respondent had sold all of the timber remaining on the tract he was logging. It offered a contract of sale entered into by respondent and the Wabash Lumber & Shingle Company after the breach. The court rejected the proffered exhibit as irrelevant and immaterial. He did, however, allow it to be filed in evidence as affecting the original contract, though upon what theory we are not advised. Appellant then offered to show, by proof of a number of facts and conditions, that the contract with the Wabash company was more advantageous to respondent than was the original contract, and that respondent had, in fact, suffered no loss whatever by the default.

The general rule is that the measure of damages for the breach of a contract for the sale of a commodity, where the vendee refuses to accept delivery, is the difference between the contract price and the market value at the time and place agreed upon for delivery. *Baesetti v. Shenango Furnace Co.*, 122 Minn. 335, 142 N. W. 322; *Mitchell-Taylor Tie Co. v. Whitaker*, 158 Ky. 651, 166 S. W. 193; Benjamin, Sales (5th ed.), p. 806; Sedgwick, Damages (9th ed.), par. 753. See, also, *Moffat v. Davitt*, 200 Mass. 452, 86 N. E. 929; *Carle v. Nelson*, 145 Wis. 593, 130 N. W. 467; *Netter v. Trenton Whisk Broom Works*, 140 App. Div. 287, 125 N. Y. Supp. 141.

This rule is declared in *Carver-Shadbolt Co. v. Klein*, 69 Wash. 586, 125 Pac. 944, where our only consideration was whether the facts brought the plaintiff within the rule. That case also recognizes the fundamental principle that, where there is a market, it is the duty of the aggrieved party to practice diligence to the end that the loss may be as "small as possible." And we think this is the rule governing in this case. The reasoning which sustains the rule is simple. It is that damages are allowed as compensation for actual monetary loss, and if the vendor can find a market equal or better than that provided in his contract, there is no loss to compensate.

We shall refer to but one or two of the decisions of this court which have been cited by counsel. As we read them, they are all in harmony with the general rule. The case of *Peterson v. Lone Lake Lum. Co.*, 58 Wash. 72, 107 Pac. 857, relied upon by both parties, is illustrative. There Peterson sold the timber on his land to the lumber company, agreeing to deliver it from time to time. After a part of the lumber had been delivered, the lumber company breached its contract. Peterson brought suit to recover his damages, which were measured by the difference between the cost of delivery and the price to be paid. Upon this state of facts, the court held to the rule of damages there stated; and there is much reason to sustain the rule, for it may be assumed, in the absence of a showing made by way of defense, that logs have no market value until cut and prepared for delivery in the market. But it does not follow that one who is sued for damages cannot avail himself of such defenses as the facts may warrant and the law allow. So in this case, the issue is tendered that the logs were resold on the market, and that respondent suffered no damages whatever. The logic of our cases seems to be that, where one who contracts to buy logs to be cut from standing timber breaches his contract, the vendor may recover the difference between the cost of pre-

paring the logs for delivery and the price agreed to be paid, subject, however, to the usual defenses that there is a market, or that the logs have been sold upon the market, and hence no damage has resulted, or would result if the plaintiff availed himself of the market.

We are reminded, however, that we are committed to the doctrine of allowing prospective profits. The case of *Bogart v. Pitchless Lumber Co.,* 72 Wash. 417, 130 Pac. 490, is relied on among others. Profits are allowed by way of compensation where there is no market price, or the commodity is manufactured to meet some purpose leading away from, rather than into, the market. The rule, or rather the exception to the rule, is resorted to *ex necessitate,* the object being, in either case, to make the unoffending contracting party whole upon his contract.

The case just referred to points the rule as well as its distinction. There a party had contracted to sell logs to another to be manufactured into lumber. He breached his contract. The vendee had nothing to sell upon the market to save or reduce his loss, and, of necessity, he was allowed a sum equal to the amount he would reasonably have made if the logs had been delivered. In other words, he was given the value of his contract. In the case at bar, respondent was not deprived of his goods by the breach of defendant. It follows that evidence of a market was competent and should have been received. A resale is competent evidence to prove a market. *Bigelow v. Legg,* 102 N. Y. 652, 6 N. E. 107; *Scott Lumber Co. v. Hafner-Lothman Mfg. Co.,* 91 Wis. 667, 65 N. W. 513; Sedgwick, Damages (9th ed.), p. 1577, par. 755.

The parties contend over a rule of evidence; the one, that the burden was on respondent to prove the oral contract upon which he relies by clear and convincing evidence; the other, that proof by a mere preponderance of evidence is sufficient. No written contract was entered into. If there is no written

contract to be overcome by clear and convincing evidence, it is manifest that an oral agreement may be established by a preponderance of the evidence.

Respondent is entitled to recover damages, if any he has suffered, within the rule suggested. In fixing the measure, the court should take into consideration elements such as delay and expense necessarily incurred upon the resale.

Reversed, and remanded for a new trial.

MORRIS, C. J., MAIN, PARKER, and ELLIS, JJ., concur.