[No. 16296.   Department One.   July 7, 1921.]

## JONES-SCOTT COMPANY, *Appellant*, v. ELLENSBURG MILLING COMPANY, *Respondent*.[1]

CONTRACTS (40)—VALIDITY—STATUTES—LEVER ACT.   The Lever Food Control Act fixing a minimum price for wheat is not a prohibition against sales at a price in excess thereof.

SALES (68)—DELIVERY—TENDER OR OFFER—NECESSITY.   Where a purchaser of wheat directed the seller not to make the first shipment at the time provided in the contract of sale, a delivery or tender of delivery of the wheat was not a condition precedent to a right of action for damages for repudiation of the contract by the purchaser.

SAME (143)—REMEDY OF SELLER—ACTIONS—MEASURE OF DAMAGES.   The measure of damages for breach of contract to deliver a quantity of wheat, where no definite time was fixed for delivery, is the difference between the contract price and the market price at the date of the demand and refusal of performance.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered July 26, 1920, upon findings in favor of the defendant, in an action for breach of contract, tried to the court.   Reversed.

*C. R. Hovey* and *Gose & Crowe,* for appellant.

*Austin Mires, Carroll B. Graves,* and *Arnold L. Graves,* for respondent.

MACKINTOSH, J.—The contract which is the basis of this law suit was before this court for consideration in the case of *Jones-Scott Co. v. Ellensburg Milling Co.,* 108 Wash. 73, 183 Pac. 113, where the correspondence in regard to the sale of the 10,000 bushels of wheat is set forth in full, and therefore need not be repeated here.   Although it is probably true that the contract was an oral one, and the writing merely took it without the statute of frauds, still, there is some language

[1]Reported in 199 Pac. 238.

in the former opinion which gives support to the contention of the respondent that the court held the contract to be a written one, and, therefore, entered into on October 13, 1917, and although the appellant claims that the contract was one as of the date of August 11, 1917, yet, in view of the former opinion of this court, and the theory upon which the lower court tried the case we will dispose of this contention of the appellant adversely to it, and, for the purpose of this case, proceed upon the theory that the contract was a written one, entered into on October 13, 1917.

Under the contract, the respondent was to pay for the 10,000 bushels of blue stem wheat at $2.44 per bushel, f. o. b., cars Eureka Flat points, the first shipment to consist of one car, about November 1, the balance of the wheat to be taken "as fast as I can". None of the wheat was ever delivered, and this action is for damages for failure to receive and pay for it.

It is the respondent's claim that the contract is invalid because in violation of the United States food control act, dated August 10, 1917, and commonly known as the Lever act. Respondent argues that by the terms of that Federal legislation, it was unlawful for the parties here to have fixed a price for wheat in excess of the fair price fixed by the government. The act, upon being read, however, does not lend itself to any such interpretation. It merely provides, as far as wheat is concerned, for the fixing of a *minimum* price. The purpose of the act is very apparent; to encourage the production of wheat by the farmers of the country to meet the stress of war demands. Respondent, however, recognizing that the act fixes only a minimum price resorts to § 4 of the act, which provides against discrimination and unfair practices and unjust and un-

reasonable charges for necessaries, and provides against any agreements for excessive prices, and claims that the contract before us violates all those provisions of § 4, and cites us to our decision in *Henrikson v. Pacific Coast Packing Co.,* 109 Wash. 644, 187 Pac. 3.77, as authority for the position that any contract in violation of the Federal food control act is void. There is little comfort, however, for the respondent in its resort to § 4 of the act, for the United States supreme court, in the case of *United States v. Cohen Grocery Co.,* 255 U. S. 81, holds § 4 to be unconstitutional, being vague, indefinite and uncertain. Thus we may dispose of the respondent's contentions in this regard by saying that the Lever act has no application to the contract.

It is next urged by the respondent that the appellant has never performed its contract and cannot therefore recover, for the reason that the appellant failed to perform its contract to deliver one car about November 1, and that the claimed repudiation of the contract by the respondent was not a breach of the contract. A resort to the evidence in the case, however, convinces us that on or about November 1, the appellant was directed by the respondent not to make the shipment on that date, and this fact is testified to positively by the appellant's manager, and the respondent's denial consists of his statement that "I don't think so; I don't remember." A careful reading of the testimony of the two witnesses, the managers of each of the companies, which, in effect, is all the testimony in the case, is conclusive that the failure to deliver on November 1 was due to the respondent's act and not to that of the appellant.

The other argument in regard to the failure to perform the contract is that the appellant is not entitled to demand performance by the respondent until it had

itself performed, or tendered performance, and that in the present case respondent was not obligated to pay for the wheat until it had been delivered, and no delivery having taken place, consequently no payment was due. Bound up in this argument is the claim that the respondent, by the contract, was not obliged to pay more than the fair minimum price fixed by the government, and was not obligated to comply with the price specified in its contract with the appellant. The evidence is clear and satisfactory that in December or January the respondent refused to accept the wheat, (it may be said here that a great deal of the testimony relating to the conduct of the appellant's business, which was that of buying wheat from the growers and selling it to the millers, is of very little consequence in the case, and does not refute the positive statements of appellant's witnesses that it had on hand, or available, wheat with which to fill the contract,) and repudiated all obligation to pay the contract price; such refusal, of course, obviated the necessity of making a delivery.

There then only remains the question as to the measure of damages. That measure is the difference between the contract price and the market price, at the date of the demand and refusal, there being no definite time fixed for the delivery, *Menz Lumber Co. v. McNeely,* 58 Wash. 223, 108 Pac. 621, 28 L. R. A. (N. S.) 1007; *Oriental Trading Co. v. Houser,* 87 Wash. 184, 151 Pac. 242; *Hughes v. Eastern R. & Lumber Co.,* 93 Wash. 558, 161 Pac. 343. The contract price was fixed at $2.44 per bushel. The appellant's demand for performance was on January 7, 1918; and the price of wheat at Eureka Flat points at that date was testified to as being $2.00½ per bushel. A computation based

on these figures must result in a judgment for the appellant in the sum of $4,350. The judgment of the lower court will be reversed, and the judgment entered for the appellant for $4,350, with interest.

PARKER, C. J., and BRIDGES, J., concur.