[No. 22155. Department One. March 17, 1930.]

CARL A. KILGAS, *Respondent,* v. MOTHER'S GRANDMA COOKIE COMPANY, *Appellant.*[1]

*Wingate & Benz,* for appellant.

*Maurice H. Cooperman* and *Edward M. Berolski,* for respondent.

PARKER, J.—The plaintiff, Kilgas, as assignee of Rosenberg Bros. & Co. of San Francisco, seeks recovery of damages from the defendant, Mother's Grandma Cookie Co. of Seattle, for an alleged breach of a contract, whereby Rosenberg Bros. & Co. agreed to sell and ship to Seattle, and the defendant agreed to purchase and there receive and pay for, one thousand cases of raisins; the alleged breach of the contract being the defendant's unjustifiable refusal to receive and pay for the larger portion of the raisins, by reason of which refusal Rosenberg Bros. & Co. suffered damages. A trial upon the merits in the superior court for King county, sitting without a jury, resulted in findings and judgment awarding to the plaintiff recovery in the sum of $276.75 from the defendant, from which it has appealed to this court.

[1]Reported in 285 Pac. 1118.

The contract in question is evidenced by an original written agreement, dated June 8, 1927, and a supplemental written agreement, dated March 7, 1928, the latter being made at the request of appellant for the purpose of extending the time of performance. It was thereby agreed that several shipments of the raisins should be made to appellant at Seattle during the period from January to July, inclusive, 1928. But two shipments were made, one in January and one in April. These were paid for in due course. The balance of the agreed shipments was not made because appellant repudiated the contract by its general manager informing the resident Seattle agent of Rosenberg Bros. & Co. that it would not receive or pay for any more of the raisins. Rosenberg Bros. & Co. have been at all times ready and able to timely make the additional agreed shipments. After the making of the contract, the market price of raisins declined, and thus appellant's refusal to receive and pay for the remainder of the raisins resulted in damage to Rosenberg Bros. & Co., in that they thereby lost the benefit of their contract bargain.

There are no questions of serious moment in this controversy other than the questions of fact: (1) Was Rosenberg Bros. & Co. ready and able to furnish the raisins and make shipments as contracted? and (2) Did appellant expressly refuse to receive and pay for the balance of the raisins, by its general manager stating to the resident agent of Rosenberg Bros. & Co. that it would not receive or pay for any more of the raisins? As to the first question, there is no substantial ground for a negative argument. As to the second question, the evidence is somewhat in conflict, but a careful reading of it convinces us, as it did the trial court, that it preponderates in support of the trial court's conclusion that appellant did repudiate the con-

tract by its general manager expressly informing the resident agent of Rosenberg Bros. & Co. that it would not receive or pay for any more of the raisins. Such repudiation of the contract on the part of appellant clearly absolved Rosenberg Bros. & Co. from any further duty looking to the shipment and delivery of the raisins to appellant in Seattle. *Jones-Scott Co. v. Ellensburg Milling Co.*, 116 Wash. 266, 199 Pac. 238; 13 C. J. 657-8.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.