FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 AUG -4 AM 9: 23

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DIMENSION FUNDING, LLC, | ) | |
| | ) | No. 70854-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CALL-O-CALL, INC., a New York | ) | |
| corporation, ANDREY TOVSTASHY, | ) | UNPUBLISHED OPINION |
| and DOES 1-10, | ) | |
| | ) | FILED: August 4, 2014 |
| Appellants. | ) | |
| | ) | |

BECKER, J. — This is an appeal from a summary judgment holding appellant Call-O-Call Inc. liable for breach of contract. We affirm.

On December 10, 2003, Call-O-Call Inc. signed a 36-month lease agreement with Dimension Funding LLC for equipment described in Schedule A:

> 1-STX Gateway System
> Gateway Switch Bay – 19"
> Rack Mount Enclosure
> 1-E1/T1, 155 Board

Paragraph 16 required Call-O-Call to return the equipment to Dimension at the conclusion of the 36-month lease term. If Call-O-Call failed to do so, Dimension could extend the lease for 12 months:

> By this Lease, Lessee acquires no ownership rights in the
> Equipment, and has no option to purchase it. Upon the expiration,
> or earlier termination or cancellation of this Lease, or in the event of

default hereunder, Lessee at its expense, shall return the Equipment in good repair, ordinary wear and tear resulting from proper use thereof, alone excepted, by delivering it, carefully crated, shipped freight prepaid and properly insured to such place or carrier as Lessor may specify. At the expiration of the Lease, Lessee shall return the Equipment in accordance with the terms hereof. If the Equipment is not returned within 10 days, Lessor shall have the option of renewing the Lease for an additional twelve month period and Lessee shall pay to Lessor rentals in the same periodic amounts indicated under "Amount of Rental Payments", above.

Paragraph 20 stated that the lease was the entire agreement between the parties.

At the end of the 36-month lease period, Dimension sent Call-O-Call a letter offering to sell the equipment for $8,925. Call-O-Call did not accept this offer. The parties exchanged numerous emails for about a month. Call-O-Call asked to purchase only the rack mount enclosure for $400. Call-O-Call claimed it was prohibited from removing the rack mount enclosure by a lease agreement with an entity called NACT and refused to return it. Dimension requested the return of all the equipment.

Dimension referred to the equipment as three items. Call-O-Call referred to the equipment as two items. Dimension sent Call-O-Call an inspection report created January 14, 2004, showing two boards and one rack mount enclosure. Call-O-Call responded: "We have signed agreement with 2 items on it and we never exchanged or leased other items under this agreement."

Dimension told Call-O-Call it would extend the lease for 12 months if the equipment was not returned. Call-O-Call did not return any equipment and made no payments under the extended lease.

2

Dimension referred the account to collections and filed suit for breach of contract in King County Superior Court.

Dimension successfully moved for summary judgment. The trial court rejected Call-O-Call's argument that any agreement it had with NACT affected its obligation to return the equipment:

> Okay. I'm going to grant the motion for summary judgment of the property as described in the Schedule A of the lease. I don't find that any lease or option agreement or any other sort of contract between Call-O-Call and NACT—I think it is the acronym—is relevant to this case. There's—we have a written lease specifically stating that there are no side agreements. If there is a side agreement, it doesn't affect the validity of the lease and there's an integration clause. So any other agreements with a third party are not relevant.

The court also found insufficient evidence to support Call-O-Call's claim of anticipatory repudiation:

> I don't find sufficient evidence here of anticipatory repudiation so as to excuse performance under the lease. And I'll sign an order that exactly tracks Schedule A, the equipment. And I guess the two of you will have to figure out what that is. But there's been a breach clearly because there wasn't return of that equipment.

Call-O-Call appeals.

An order of summary judgment is reviewed de novo, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Elcon Constr., 174 Wn.2d at 164.

3

Call-O-Call contends that when Dimension requested that three items be returned, it repudiated the contract, relieving Call-O-Call of its lease obligations.

Repudiation of a contract by one party may be treated by the other as a breach that will excuse the other's performance. CKP, Inc. v. GRS Constr. Co., 63 Wn. App. 601, 620, 821 P.2d 63, review denied, 120 Wn.2d 1010 (1992). An anticipatory breach occurs when one of the parties to a bilateral contract either expressly or impliedly repudiates the contract prior to the time of performance. Lovric v. Dunatov, 18 Wn. App. 274, 282, 567 P.2d 678 (1977).

Cases cited by Call-O-Call are not on point because in each of them, neither party had fully performed under the contract. Walker v. Herke, 20 Wn.2d 239, 147 P.2d 255 (1944) (buyer's statement that he would not accept and pay for steers unless additional costs were paid by seller excused seller from delivering steers); Kilgas v. Mother's Grandma Cookie Co., 156 Wash. 8, 285 P. 1118 (1930) (agreement for sale of raisins; court held that buyer's statement that it would not accept or pay for the raisins relieved seller of any further duty to deliver them); Jones-Scott Co. v. Ellensburg Milling Co., 116 Wash. 266, 199 P. 238 (1921) (buyer's statement that it would not accept delivery of 10,000 bushels of wheat eliminated the seller's obligation to deliver the wheat); Turner v. Gunderson, 60 Wn. App. 696, 703, 807 P.2d 370 (seller's demand for different terms in real estate contract excused purchaser from obligation to pay purchase price and entitled him to return of deposit), review denied, 117 Wn.2d 1013 (1991).

Call-O-Call contends Dimension committed an anticipatory breach by refusing to accept the return of the equipment. Dimension did not say it would refuse to accept the equipment specified on Schedule A. The dispute about whether the equipment specified on Schedule A consisted of two items or three is irrelevant. Call-O-Call could have and should have returned all the equipment it received.

Furthermore, when the dispute emerged about whether there were two items or three, Dimension had already fully performed by supplying the equipment. We therefore conclude that no anticipatory repudiation by Dimension occurred. Call-O-Call was not excused from returning the equipment. The court properly granted summary judgment for Dimension on the claim of breach of contract.

Affirmed.

Becker, J.

WE CONCUR:

Cox, J.