[L. A. No. 410. Department Two.—June 22, 1898.]

## JAMES M. EADS, Respondent, v. WILLIAM J. KESSLER, Appellant.

SALE OF PATENT RIGHTS—EXECUTORY CONTRACT—ATTACHMENT—VENDOR'S LIEN.—An attachment may issue in an action to recover purchase money due under an executory contract for the sale of patent rights. The claim therefor is not secured by a vendor's lien upon the property sold, as no such lien exists under an executory contract for the sale of personal property, where title has not passed; and a motion to discharge the attachment on account of the alleged existence of such a lien is properly denied.

ID.—LIEN UPON SALE OF PERSONAL PROPERTY—CONSTRUCTION OF CODE—COM-
MON LAW.—Section 3049 of the Civil Code, which provides that "one
who sells personal property has a special lien thereon dependent upon
possession, for its price," etc., is merely declaratory of the common
law, under which such a lien does not exist, unless there has been a
complete sale which passes the title to the property to the vendee,
without delivery of possession, and does not attach when there is a
mere executory contract to sell upon compliance with certain condi-
tions by the party proposing to buy.

APPEAL from an order of the Superior Court of Los Ange-
les County denying a motion to discharge an attachment. M.
T. Allen, Judge.

The facts are stated in the opinion of the court.

Del Valle & Munday, for Appellant.

William T. Craig, for Respondent.

McFARLAND, J.—This is an appeal by defendant from an
order of the court below denying a motion to discharge an at-
tachment. The motion was based solely upon the ground that
the respondent had a lien for the payment of the money sued
for in the action, and that therefore the attachment was improp-
erly issued.

The facts are these: On the 28th of December, 1895, the par-
ties entered into an executory written contract by which the re-
spondent agreed to sell, and the appellant agreed to buy, a two-
fifths interest in certain patent rights, described in certain let-
ters patent set forth in the contract. The price was six thou-
sand dollars, a part of which was to be paid in cash, and the bal-
ance in two payments of nineteen hundred dollars each, on the
first day of January, 1897, and on the first day of January, 1898,
with interest, etc., and upon the making of said payments the
respondent was to give to appellant a good and sufficient assign-
ment and conveyance of said patent rights. The installment
due on January 1, 1897, not having been paid, this action was
commenced to recover the amount thereof, and a writ of attach-
ment was issued and levied.

Appellant contends that the writ of attachment was issued
improperly, and should be discharged, because the respondent
had a vendor's lien upon the patent rights to secure the pay-

ment of the money sued for. He rests his contention upon the provision of section 3049 of the Civil Code, that "One who sells personal property has a special lien thereon, dependent upon possession, for its price," etc. But that section contains nothing which changes the common-law rule upon the subject; it was a mere statement in a convenient form of what the common law is. The code declares that: "The provisions of this code, so far as they are substantially the same as existing statutes or the common law, must be construed as continuations thereof" (Civ. Code, sec. 5); and the common law is, that a lien such as is contended for in the case at bar exists only under a complete sale which passes the title to the property. Such a lien does not attach when there is a mere executory contract to sell upon compliance with certain conditions by the party proposing to buy. In Tiedeman on Sales, section 119, it is said: "In order that a vendor of goods may claim a lien on the goods, they must have already become the property of the vendee, for one cannot have a lien on goods belonging to himself"; and, further: "The only cases in which the vendor can have a lien on the goods are those in which the title to the goods passes to the vendee without delivery of possession." In 21 American and English Encyclopedia of Law, pages 602, 603, it is said: "The lien exists only when the property has passed to the buyer, while the goods themselves are still in the actual or constructive possession of the seller"; and the cases cited in the notes support the text. (See, also, 1 Jones on Liens, sec. 820; *Conrad v. Fisher,* 37 Mo. App. 382.) In the later case the court say: "It should be observed that the existence of a vendor's lien always presupposes that the title to the goods has passed to the vendee, since it would be an incongruous conception that the vendor might have a lien upon his own goods." If it has been held that one who makes a written executory contract to sell his real property has a lien upon the property for the payment of the purchase money, it is because the other party to such a contract is held to have an equitable estate in the land; but we have been referred to no cases which hold that there is such a lien upon personal property where there is a mere agreement to sell. The authorities are the other way. This view makes it unnecessary to examine the other point made by respondent, namely,

that a patent right is too intangible to be the subject of such a lien as appellant here asserts.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.