## SANDHAM v. GROUNDS.

### (Circuit Court of Appeals, Third Circuit.   May 9, 1899.)

#### No. 31, March Term.

1. DAMAGES—BREACH OF CONTRACT FOR ADOPTION.
    The measure of damages for breach of a contract by one person to adopt another and make the latter an heir, under the law of Pennsylvania, is not the value of the share of the promisor's estate at his death which would have been inherited by the promisee, but the value of the services rendered or outlay incurred by the promisee on the faith of the promise, with interest.

2. SAME—WHAT LAW GOVERNS.
    Where a contract for adoption was to be performed in a certain state, and the estate to which the person to be adopted would thus have become an heir is there situated, the law of such state governs as to the measure of damages for a breach of the contract.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

W. M. Hall, Jr., for plaintiff in error.

James S. Young, for defendant in error.

Before DALLAS, Circuit Judge, and KIRKPATRICK and BRADFORD, District Judges.

KIRKPATRICK, District Judge.   The plaintiff in this action brought her suit against the defendant, as administratrix of Samuel Smith, to recover damages for the breach of a contract entered into between the plaintiff and said Smith in his lifetime, in and by which said Smith agreed that he would take the plaintiff (who was his niece) from her home in Ireland to America, adopt her as his daughter, and that he would so provide that at his death she should receive one-half part of his property.   The plaintiff accordingly came to America with her uncle, and for a short time continued to live under his care and protection.   During her stay she rendered no service, and after her departure, at the end of some 16 months, she did not return to him. Smith never took any steps looking to the adoption of the plaintiff as his daughter according to the form of the statute of the state of Pennsylvania, but did so adopt an inmate of his house, who was a relative of his wife.   The contract between Smith and the plaintiff was to be performed in the state of Pennsylvania, where Smith resided, and where he afterwards died intestate.   Upon the trial of the cause the learned judge charged the jury, inter alia, as follows:

"Upon the question of the rule of damages the court charges the jury that for the breach of the alleged contract the measure of damages is not the value of decedent's estate at the time of his death, but the value of the services the plaintiff rendered the said Smith while she remained with him, and also any pecuniary outlay or expense she was subjected to or incurred, with interest."

To this part of the charge exception was taken, and the only question argued before us was whether the measure of damages was correctly stated.   We cannot doubt that the damages in this case must be determined by the laws of the state of Pennsylvania, where the

contract was to be performed, and where the assets of Smith's estate are properly distributable.     We find, upon reviewing the decisions of the highest court of that state, that the question here at issue was set at rest in Graham v. Graham's Ex'rs, 34 Pa. St. 475, in which the case of Jack v. McKee, 9 Pa. St. 240, holding a contrary doctrine, was carefully considered, and expressly overruled.     In Graham v. Graham's Ex'rs, supra, the decedent agreed with two distant relations that, if they would come and live with him, they should share his property equally with his nephews after his death.     He failed to carry out his agreement, and suit was brought against his executors to recover the value of the promised shares of his estate.     The plaintiff offered to prove the value of the decedent's estate, and the share of each nephew, for the purpose of showing the damage sustained by the plaintiff.     To this offer the defendants objected on the ground that the measure of damages was the value of the services rendered, and was not to be governed by the value of the decedent's estate.     Strong, J., said:

"Without pressing the insufficiency of the proof of the contract, * * * it by no means follows that the measure of damages in an action for its breach is the value of the thing promised at the time of the breach.     Jack v. McKee, supra, is no longer a rule.     This court has returned from the departure which was made in that case."

The rule laid down in Graham v. Graham's Ex'rs has been invariably followed since by the courts of Pennsylvania, the latest case brought to our attention being Kauss v. Rohner, 172 Pa. St. 481, 33 Atl. 1016, in which the court said, "Proof of contract did not entitle plaintiff to recover value of the estate."     We find no error in the instruction given by the learned judge, and the judgment of the circuit court should be affirmed.