[Civ. No. 3661.  First Appellate District, Division Two.—March 17, 1921.]

## KATZENBACH & BULLOCK COMPANY, Respondent, v. A. BRESLAUER, Appellant.

[1] SALES—RESCISSION OF CONTRACT—EVIDENCE—FINDINGS — APPEAL. In an action for damages for breach of a contract for the purchase by defendant of a carload of caustic soda, a finding by the trial court, based upon conflicting evidence, that it had not been mutually agreed between the parties that the contract should be canceled, abandoned, and rescinded, and that the contract was never canceled, abandoned, and rescinded, is binding upon the appellate court.

[2] ID.—PAYMENT ON DELIVERY—BREACH—TITLE—REMEDY OF SELLER. Where goods are sold to be paid for upon delivery, and payment is not made, title to the goods remains in the seller, the latter is not required to sell the goods in the same manner as in the case of a pledge, giving notice to the buyer, but is only required to sell them for the highest price obtainable in the nearest available market.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  James M. Troutt, Judge.  Affirmed.

The facts are stated in the opinion of the court.

A. Breslauer, *in pro. per.,* for Appellant.

Willard P. Smith for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him in an action to recover damages for the breach of a contract by defendant for the purchase of a carload of caustic soda.  The findings show that the plaintiff is a New Jersey corporation and filed a copy of its articles of incorporation in the office of the Secretary of State of the state of California, and a certified copy thereof in the office of the county clerk of San Francisco; that the contract sued upon was entered into between the parties for the purchase and sale of a carload of caustic soda at an agreed price, f. o. b. San

Francisco, payable cash on arrival; that upon the arrival of the goods, plaintiff notified defendant and defendant thereupon refused to accept or pay for said goods; that the plaintiff, because of such refusal was obliged to warehouse the goods and to sell them in the nearest available market, which was at San Francisco, and that said caustic soda was sold at the best price obtainable in said market.

[1] Some point was made by appellant that it had been mutually agreed between the parties that the contract should be canceled, abandoned, and rescinded. The trial court found, upon conflicting evidence, that it was not so agreed and that said contract was never canceled, abandoned, and rescinded. We are, therefore, not at liberty to go into this question of fact.

[2] The only other point made by the appellant is that the plaintiff did not have the right to sell the caustic soda without giving notice of sale to the defendant. Appellant contends that the present case falls within the provisions of sections 3002 and 3049 of the Civil Code, and that notice of sale was necessary. Section 3002 deals with pledged property, providing that notice shall be given to the pledgor of the time and place of sale. Section 3049 provides that one who sells personal property has a special lien thereon, dependent on possession, for its price, and may enforce such lien as in the case of a pledge. It is admitted by respondent that if the title to this caustic soda had passed to the defendant, the plaintiff would have had a lien thereon for its price and would have been bound to give notice of the time and place of sale as in the case of a pledge.

However, it has been held that where title to personal property is retained by the vendor, no lien exists. (*Eads* v. *Kessler,* 121 Cal. 244, [53 Pac. 656]; *Rayfield* v. *Van Meter,* 120 Cal. 416, 420, [52 Pac. 666]; *Gibbs* v. *Ranard,* 86 Cal. 531, [25 Pac. 63].) Under such circumstances, the vendor is not required to sell in the same manner as in a case of pledged property. (*Gibbs* v. *Ranard, supra.*)

It has been repeatedly held that where goods are sold to be paid for in cash upon delivery, no title passes until the cash is paid. (*Hilmer* v. *Hills,* 138 Cal., at p. 139, [70 Pac. 1080]; *Brinkley-Douglas Fruit Co.* v. *Silman,* 33 Cal. App. 643, at p. 647, [166 Pac. 371]; *Hewes* v. *Germain*

*Fruit Co.,* 106 Cal. 441, [39 Pac. 853].) The trial court has found that the goods were sold to be paid for upon delivery. Payment was never made. Under such circumstances, the title remained in plaintiff and he could not enforce a lien against his own property. (*Gibbs* v. *Ranard, supra; Rayfield* v. *Van Meter, supra.*) The evidence and findings here are that the price obtained by plaintiff was the highest price obtainable in the nearest available market. That is all that is required of plaintiff under the circumstances here. (*Hewes* v. *Germain Fruit Co., supra.*)

Section 3311 of the Civil Code provides the measure of damages in case of a breach of the buyer's agreement to accept and pay for personal property, the title of which is not vested in him. It is provided that in the event the property is not sold in accordance with section 3049, the damages shall be the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market over those which would have been incurred for the carriage thereof, if the buyer had accepted it.

It will be observed from the case of *Hewes* v. *Germain Fruit Co., supra,* that in a case where the title to the property has not passed, the vendor may or may not sell the same in accordance with the provisions of section 3049 of the Civil Code, the advantage of complying with the provisions of said section being, that in such case, the price obtained is conclusive evidence as to the value of the property. Under the method of sale adopted by the plaintiff here, the price obtained by him was not conclusive as to the value of the goods. (*Hewes* v. *Germain Fruit Co., supra; Meyer* v. *McAllister,* 24 Cal. App. 16; [140 Pac. 42].) However, there was no substantial evidence offered that the price obtained was not the value of the goods, and there was evidence that it was the best price obtainable and was the value of the goods at the time, and, as we have stated, the trial court has found that the price was the best price obtainable.

We think there are no other matters that require discussion.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.