## GARCIA & MAGGINI CO. v. WASHINGTON DEHYDRATED FOOD CO.

(Circuit Court of Appeals, Ninth Circuit.   January 7, 1924.)

No. 4055.

1. **Sales ⬤⟲92—Contract held not mutually canceled.**

Contract for sale of dehydrated apples *held* not mutually canceled by telegrams in which seller asked if buyer canceled the order, but did not assent to the cancellation.

2. **Sales ⬤⟲334—Seller entitled to resell and recover difference between contract and sale price.**

Where there has been a breach of a contract of sale by the buyer the seller may fully perform on his part, and when he has done all that is necessary to effect a delivery he may resell it as agent of the buyer, and recover from the buyer the difference between the contract price and the net proceeds of the sale, though the resale was had five months after breach; it appearing that diligence was exercised.

3. **Sales ⬤⟲333—Notice of intention to resell on buyer's breach sufficient.**

Notice by seller on buyer's breach of intention to resell having been given, further notice of the time and place of resale was not legally necessary.

4. **Sales ⬤⟲177—Buyer's breach held not anticipatory.**

Where contract called for shipment in December, 1919, or January, 1920, at the seller's option, and option was exercised on January 13, 1920, when seller notified buyer of its readiness to ship and asked for shipping instructions, there was a complete breach, and not an anticipatory breach, by the buyer on January 23, 1920, when it refused to carry out the terms of the contract.

5. **Sales ⬤⟲153—Tender of performance by seller held sufficient.**

Where contract for dehydrated apples made no reference to Yakima or Wenatchee stock, a tender of a car of either, which was refused by the buyer, relieved the seller, at its option, from any other tender of further performance on its part.

6. **Sales ⬤⟲176(3)—Objection to tender waives other objections.**

Where buyer's objection to shipment of dehydrated apples was based solely on the ground that the tender was of Wenatchee stock, instead of Yakima stock, it waived any other objection to the tender which it might then have made.

In Error to the District Court of the United States for the Second Division of the Northern District of California.

Action by the Washington Dehydrated Food Company against the Garcia & Maggini Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred L. Dreher, of San Francisco, Cal., for plaintiff in error.

Haven, Athearn, Chandler & Farmer, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an action for damages, alleging breach of a contract. The Dehydrated Company, plaintiff below, had judgment.

Garcia & Maggini Company, a corporation, in a written contract made in June, 1919, agreed to buy from the Dehydrated Company,

---

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which agreed to sell, 60,000 pounds, net choice evaporated apples at 18½ cents per pound, f. o. b. Pacific Coast rail shipping point. The seller, Dehydrated Company, was privileged to substitute grades, "providing cannot fill order with grade ordered at extra choice, 19 cents, fancy 19¾ cents." In this action the Dehydrated Company pleaded that about January 17, 1920, it advised the Garcia Company that it was ready to deliver under the contract, and asked for shipping instructions, but that the Garcia Company failed and refused to furnish shipping instructions; that about January 23, 1920, defendant notified the Dehydrated Company that it would not perform; that about February 13, 1920, the Dehydrated Company notified Garcia Company, defendant, that it would sell and hold defendant responsible; and that thereafter plaintiff sold the apples to its damage. Defendant denied the contract as pleaded; denied that plaintiff company was able to deliver the evaporated apples as contracted for; denied damages; and pleaded that about January 23, 1920, the contract made between the parties was rescinded and canceled by mutual agreement.

To support the contention that there was cancellation by mutual agreement, the Garcia Company refers specically to certain telegrams that passed between the parties about January 23 and 24, 1920. Certain evidence of incidents prior to the telegraphic correspondence should be considered. On January 13th plaintiff wrote defendant that it was ready to ship and requested shipping instructions. Garcia Company on January 16th replied, asking for samples and with regard to storing facilities in the event shipment at that time was not desired. On the 17th January Dehydrated Company telegraphed for shipping instructions, and on the same day Garcia Company answered that no shipment should be made until Dehydrated Company heard definitely from Garcia Company. Samples were sent, and on January 22d Dehydrated Company advised defendant that storage could be had at Wenatchee. On January 23d the defendant telegraphed plaintiff that it was tendering choice Wenatchee stock, whereas sale was:

"Car choice Yakima. * * * We sold Yakima and cannot tender our buyer Wenatchee. Therefore cannot accept."

In a letter of January 24th the Garcia Company assumed the same position as to kind of apples agreed upon. On the same day (24th) the plaintiff telegraphed to defendant:

"We understand your wire 23 cancels order for car apples. Is this correct? Wire."

Defendant replied that the understanding was correct, "as tender made by you cancels contract dated June 13, 1919." On January 28th plaintiff wrote defendant to the effect that none of its "contentions" in the correspondence "are valid."

[1] We agree with the District Court that the word "cancel" was not used or intended to be used by the Dehydrated Company with any purpose of annulling the contract between the parties, or that the effect was to annul it. Apparently the Garcia Company wanted to relieve itself of the obligation of the contract, and declined to accept the apples which the plaintiff tendered. The selling company did not accede

to the position taken by the buyer, but did want to ascertain correctly whether the understanding that that was the position of the buyer was correct. By no word or act do we see that the seller acquiesced in an attempt to cancel. As evidence, too, that the Garcia Company could not have understood the telegram of the Dehydrated Company as an assent to cancellation, we find that in its telegram back to the selling company the buyer said:

"Your understanding correct, as tender made * * * cancels the contract."

The only fair construction of this language is that, while the buying company wanted to annul the agreement, the seller never assented, and never used the word "cancel" with any intent to annul. The buying company endeavors to sustain its theory of cancellation by reference to some testimony tending to show that the market for dehydrated apples in January and February, 1920, was good. The evidence of the president and manager of the defendant company was that about January 24, 1920, there was—

"no such thing as a market in the generally accepted use of that term in the trade. The market was dead."

[2] It is said that it was error on the part of the court to allow as the measure of damages the difference between the contract price of the apples ordered and the price received upon the resale, which was made about five months after the time mentioned in the contract. But in Pabst Brewing Co. v. Horst Co., 229 Fed. 913, 144 C. C. A. 195, we held that, where there has been a breach of a contract of sale by the buyer, the seller may fully perform on his part, and when he has done all that is necessary to effect a delivery of the property, so as to pass title to the buyer, the seller may store, or retain the property for the buyer, or may resell it as agent for the buyer. If the buyer takes the former course, he may maintain an action for the contract price of the goods; if he pursues the other course, his recovery would be the difference between the contract price and the net proceeds of the sale. However, as held in that instance, it is not obligatory upon the seller to adopt either of such courses.

"If he does not care to do so, he is entitled to recover the difference between the contract price and the market price or value of the property at the time and place of delivery fixed by the contract."

Here the Dehydrated Company elected to sell the goods and charge the difference between the contract price and the net proceeds of the sale. It had the right to take that course. Frederick v. American Sugar Refining Co. (C. C. A.) 281 Fed. 305; Arkansas Short Leaf Lumber Co. v. Hemler (C. C. A.) 281 Fed. 914; Carlisle Commercial Co. v. Deming, 62 Wash. 455, 114 Pac. 172; Carver-Shadbolt Co. v. Klein, 69 Wash. 586, 125 Pac. 944. It was proper to apply the law of the state of Washington as to the measure of damages which involved the substantive rights of the parties. The contract, though made in California, was to be performed in Washington. Coghlan v. S. C. R. Co.,

142 U. S. 101, 12 Sup. Ct. 150, 35 L. Ed. 951; Sandham v. Grounds, 94 Fed. 83, 36 C. C. A. 103; Berlet v. Lehigh Valley Silk Mills (C. C. A.) 287 Fed. 769.

It is argued that, resale having been had five months after breach, the time was not reasonable. The evidence is that diligence was shown by the plaintiff and all fair effort was·made to effect the best sale possible. The apples were sold at a ·better price than plaintiff obtained ·for its apples.

Plaintiff in error argues that, in order to bind the defendant for the amount realized upon the resale, it was necessary that notice of the resale be given to defendant, and that the resale should be made in the market of delivery, or the nearest available market. ˌBut the evidence is that circumstances were such that Chicago was the most available market for resale in July, 1920. The price was declining during the first half of the year 1920, and, as already indicated, not until after most energetic efforts had been made to get a good price was sale had.

[3] Whether or not notice of intention to resell must be given by the seller to the original buyer is outside of the present case, for the reason that the evidence is that the Dehydrated Company did notify the purchaser of intention to sell. Such notice of intention to resell having been given, further notice of the time and place of resale is not legally necessary. Williston on Sales, § 549. In Carlisle Packing Co. v. Deming, supra, plaintiff notified the defendant of its intention to. sell, but did not later advise the defendant of the time and place of sale. Nevertheless the court allowed the plaintiff the difference between the contract price and the price of resale as the proper·measure of damages. Katzenbach v. Breslauer, 51 Cal. App.˗756, 197 Pac. 967; Mechem on Sales, § 1637.

[4] Plaintiff in error would treat the case as one of anticipatory breach. We do not so regard it. The contract involved called for shipment in December, 1919, or January, 1920, at the seller's option. Option was exercised on January 13, 1920, when the plaintiff notified defendant of its readiness to ship and asked for shipping instructions. Offer of full performance of the contract at that time having been made, there was a complete breach by the defendant on January 23, 1920, at which time defendant refused to carry out the terms of the contract upon the offer of the plaintiff.

[5, 6] It is said that the tender was not made in accordance with the terms of the written contract, and that the apples were not of the grade contracted for. But the breach by the defendant on January 23d was three days after a sample had been ordered to be forwarded. Defendant made no objection to the sample received, except that plaintiff was tendering Wenatchee, instead of Yakima, stock. ·The contract, however, made no ·reference to Yakima or Wenatchee stock. The breach in refusing to accept delivery of the car relieved the Dehydrated Company, at its option, from any other tender ·of further performance on its part. Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953. Moreover, inasmuch as the defendant's objection was based solely upon the ground that the tender was of Wenatchee stock, instead of Yakima apples, defendant should be held to have waived any other objection to the tender which it might then have made. Ohio & Miss.

Ry. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693; Polson Logging Co. v. Neumeyer, 229 Fed. 705, 144 C. C. A. 115; Wall Grocer Co. v. Jobbers' Overall Co. (C. C. A.) 264 Fed. 71.

A more compelling reason for holding against defendant's position is the language of the contract, which called for choice evaporated apples at a given price, with a provision that the Dehydrated Company might substitute grades, "providing cannot fill order with grade ordered at extra choice 19 cents, fancy 19¾ cents." It is evident that this language gave to the seller an option to furnish apples of any of the three qualities named at the prices quoted. Such seems to have been the interpretation put upon the contract by the parties themselves. The Dehydrated Company so construed it, and, when defendant's attention was called to the matter of grading by letters of the Dehydrated Company, defendant failed to state that the tender of extra choice apples at 19 cents was not a performance of the terms of the contract. Indeed, in none of the correspondence was an objection made upon the ground that tender of "extra choice" at 19 cents was not performance of the contract.

The judgment is affirmed.