[Civ. No. 5539.  First Appellate District, Division Two.—October 21, 1926.]

## MARCUS L. SAMUELS, Appellant, v. FRANK BARNET, as Sheriff, etc., et al., Respondents.

[1] REPLEVIN—RECOVERY OF AUTOMOBILE—ATTACHMENT—ATTORNEY AND CLIENT—FRAUDULENT CONVEYANCES — BURDEN OF PROOF. — In an action in replevin against a sheriff to recover possession of an automobile held by him under a writ of attachment, which action was brought by an attorney at law who was the attorney for the judgment debtor in the attachment action, and who claimed the right to the possession of said automobile by virtue of a purported bill of sale executed to him by said judgment debtor, where said purported sale was not accompanied by an actual change of possession, it was presumably fraudulent as to the creditors of said judgment debtor, under section 3440 of the Civil Code, and the burden was on plaintiff to overcome such presumption.

[2] ID.—AUTOMOBILES—CHANGE OF POSSESSION—CERTIFICATE OF REGISTRATION — MOTOR VEHICLE ACT — EVIDENCE — FINDINGS.—In such action, evidence showing the transfer of the automobile from the client to his attorney shortly after entry of judgment against the client in the attachment action, and without actual change of possession or by a change of the registration certificate·as required by section 8 of the Motor Vehicle Act (Stats. 1919, p. 191), was sufficient to sustain the finding that the attempted transfer was made for the purpose and with the intent of defrauding the judgment creditor.

[3] ID.—TRANSFER—REGISTRATION—EVIDENCE.—In such action, under section 8 of the Motor Vehicle Act (Stats. 1919, p. 191), which provides that a transfer of a motor vehicle shall be ineffective for any purpose until the transferee has received a certificate of registration and has written his name on the face thereof, evidence that when the car was seized by the sheriff a license plate for the preceding year was attached to it is not proof that the car was not licensed or registered in the year the attempted transfer was made.

[4] ID.—POSSESSION — RIGHT TO MAINTAIN ACTION. — In such action, plaintiff having made no effort to comply with section 8 of the

---

1. See 12 **Cal. Jur.** 992.

4. Civil rights and liabilities as affected by failure to comply with regulations as to registration of automobile, notes, 16 **A. L. R.** 1108; 35 **A. L. R.** 62; 38 **A. L. R.** 1038; 43 **A. L. R.** 1153.

Motor Vehicle Act (Stats. 1919, p. 191), the attempted transfer of the automobile did not confer upon him the right of possession necessary for the maintenance of the action.

---

(1) 27 C. J., p. 494, n. 41, p. 574, n. 29, p. 788, n. 17, p. 789, n. 19, p. 801, n. 58. (2) 27 C. J., p. 821, n. 39, p. 825, n. 86; 42 C. J., p. 776, n. 28 New. (3) 42 C. J., p. 774, n. 82 New. (4) 42 C. J., p. 774, n. 91, p. 775, n. 93½, 94, p. 776, n. 21; 34 Cyc., p. 1386, n. 53.

APPEAL from a judgment of the Superior Court of Alameda County. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marcus Lorne Samuels, *in pro. per.,* and Cormac, Bolles & Surr, for Appellant.

Edward R. Eliassen and C. Leonard Rosenberg for Respondents.

NOURSE, J.—Plaintiff sued the defendant as sheriff of Alameda County to recover possession of a certain automobile held by the defendant under a writ of attachment. The cause was tried before the court sitting without a jury and resulted in a judgment for the defendant, from which the plaintiff has appealed on a typewritten record.

The litigation grows out of the case of *Bohlen* v. *Alameda Investment Company,* which was tried in the superior court in Alameda County on December 12, 1921. That suit was commenced to recover moneys claimed to be due Bohlen for services rendered the investment company, but in due course the company filed a cross-complaint in which it claimed that Bohlen owed it $1,143.39 as balance due on the purchase of a certain 1920 model Nash touring car. Throughout these proceedings Bohlen was represented by Mr. Samuels, the plaintiff in this case, as his attorney and legal adviser. At about 2:30 or 2:45 P. M. of the day of the trial the court announced that it would render judgment in favor of the company for the amount claimed to be due from Bohlen, and soon thereafter Bohlen, Samuels, his attorney, and Robinson, a witness, went to the garage where the Nash car was stored and there Bohlen, at 3:15 P. M., delivered to Samuels a bill of sale of the car and an order upon the

garage owner to deliver the car over to Samuels. On the
same day an attachment duly issued in the Bohlen case
by virtue of which the sheriff took the car into his pos-
session. Thereafter judgment was duly entered against
Bohlen, the car was sold to satisfy a part of the debt, and
the execution was returned as otherwise unsatisfied.

At the trial of the case now under consideration the trial
court found: "That at the time of the trial of the said action,
Marcus L. Samuels, plaintiff herein, was attorney for the
plaintiff in the action of *Louis C. Bohlen* v. *Alameda Invest-
ment Company,* and acted as such attorney in the trial of
that case, and was present in Court when the aforemen-
tioned Judgment was rendered, and had acted as the attor-
ney for said Louis C. Bohlen for a period of three (3) years
or more, and that an attempt was made shortly after the
conclusion of the trial of and the rendition of Judgment in
that case to transfer the said automobile from Louis C.
Bohlen to Marcus L. Samuels, his attorney, plaintiff herein;
but that such attempted transfer was in fraud of said
Alameda Investment Company, Judgment Creditor, and was
made or attempted to be made for the purpose and with the
intent of hindering, delaying and defrauding said Alameda
Investment Company, Judgment Creditor of said Louis C.
Bohlen, and is void and of no effect.

"That it is also a fact that plaintiff did not comply with
Section 8 of the Motor Vehicle Act of the State of Cali-
fornia (Stats. 1919. p. 191), in that he did not at any time
apply for or obtain a Certificate of Registration for the
said automobile and for the purpose of causing himself to be
registered as the owner of the said automobile, as required
by law, and that there was no valid change of ownership
or title to said automobile from the said Louis C. Bohlen
to Marcus L. Samuels, plaintiff herein."

On this appeal the appellant urges two grounds for a
reversal of the judgment, (1) that the evidence does not
support the finding of fraud, and (2) that the provisions of
section 8 of the Motor Vehicle Act are inapplicable.

[1] (1) The purported sale of the automobile to the
appellant was effected while he and Bohlen occupied the
fiduciary relation of attorney and client. From appel-
lant's testimony in this case it appears that a judgment
for over $1,100 had just been rendered against his client,

that the car was valued at $2,073.65 and was taken by appellant for a debt of $1,000 claimed to be owing him from Bohlen. It also appears that Bohlen was without any other assets with which to satisfy the judgment against him. The purported sale, not having been accompanied by an "actual and continual change of possession," was presumably fraudulent as to creditors of Bohlen (sec. 3440, Civ. Code), and the burden was on appellant to overcome this presumption. [2] The only evidence touching on this subject is found in the testimony of the appellant that he handed the garage-keeper a written notice from Bohlen that he had sold the car and that it was to be delivered to appellant, that he got into the car, tried the brakes and stood on the running-board. Two days later he addressed a letter to the keeper of the garage inquiring as to the cost of washing the car and recharging the battery if found necessary. The transaction was not followed by a change of the registration certificate as required by section 8 of the Motor Vehicle Act and the trial court might well have inferred from the facts proved that the entire transaction was in bad faith and for the purpose of working a fraud upon Bohlen's creditors. In face of the statutory presumption of fraud and the inferences which might properly have been drawn we cannot say that the court's finding is not supported.

[3] (2) Section 8 of the Motor Vehicle Act (Stats. 1919, pp. 191, 201), which requires the owner of a registered motor vehicle and the proposed transferee thereof to join in a statement of the transfer of the vehicle, provides: "until said transferee has received said certificate of registration and has written his name upon the face thereof in the blank space provided for said purpose by the department, delivery of said motor vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

The appellant concedes that he made no effort to comply with this section. He now argues that the section is not applicable here because the purported transfer occurred in December, 1921, and Bohlen had not obtained a license or certificate of registration for that year. In this respect appellant is not supported by the record. The claim is based on the evidence that when the car was seized by the sheriff

a license plate for the year 1920 was attached to it. This is not proof that the car was not licensed or registered for the year 1921.

[4] The case is a simple one. The appellant bases his right of action on a purported transfer of a second-hand automobile wherein he failed to meet the requirements of the statute. The section quoted provides that unless these restrictions are followed the ''intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose.'' The legislature could scarcely have used words which would have been more expressive of the intention to declare that such transfers could not be effective for any purpose. Such being the case, the transfer could not be effective for the purpose of conferring upon appellant the right of possession necessary for the maintenance of this action.

Judgment affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1926.