[Civ. No. 62. Fourth Appellate District.—April 9, 1930.]

A. R. HONNOLD et al., Appellants, v. PACIFIC FINANCE CORPORATION (a Corporation), Respondent.

Honnold & Hubbell, *in pro. per., for* Appellants.

Luce & Swing for Respondent.

MARKS, J.—On November 10, 1926, Walter L. Clapham, the legal owner of a Chrysler sedan, sold it to F. W. Stockdale under a conditional sales contract, which reserved the

title in the seller, and provided, among other things, that should the buyer fail or neglect to comply with the terms of the contract, or fail to make the deferred payments according to the terms thereof, the seller might exercise his option of declaring the unpaid portion of the purchase price due and payable, and bring suit therefor, or might, without notice, declare the buyer's rights under the contract terminated and immediately repossess the car. The buyer defaulted in his payment falling due on February 10, 1927, and on all payments thereafter, leaving an unpaid balance of the purchase price due respondent in the sum of $1201.60, no part of which was paid by the buyer or his assignees. On November 24, 1926, Walter L. Clapham, for a valuable consideration, assigned the conditional sales contract to respondent, together with the legal title to the car. On March 3, 1927, Stockdale assigned his interest in the automobile to James Hollis. On May 2, 1927, both Stockdale and Hollis assigned their interests in the car to appellants, who were attorneys for Stockdale and who had notice of the conditional sales contract and the default in the payments. Hollis also had the same notice. On April 5, 1927, respondent took possession of the car and retained the same. Appellants did not have either actual or constructive possession of the car and did not receive the certificate of its registration. The other facts brought out at the trial are not necessary to a decision of this appeal.

Title 3 of the California Vehicle Act, in effect at the time of the transaction under consideration (Stats. 1923, p. 517, as amended; Stats. 1925, p. 402), provides for the registration of motor vehicles and the transfer of title thereof. It is therein provided that until the motor vehicle division has registered a change of ownership and issued a certificate of registration and a certificate of ownership to the owner, or legal owner entitled thereto, "the delivery of such vehicle shall be deemed not to have been made and the title thereto shall be deemed not to have been passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

The facts in the case of *Samuels* v. *Barnet*, 79 Cal. App. 529 [250 Pac. 504], are very similar to the one we are considering except that it arose under the Motor Vehicle Act of the state of California (Stats. 1919, p. 191). However,

section 8 of the earlier act contained provisions identical in substance to the California Vehicle Act controlling here (*General Motors Acceptance Corp.* v. *Dallas,* 198 Cal. 365 [245 Pac. 184]). In the case of *Samuels* v. *Barnet, supra,* the following was said:

"The purported sale of the automobile to the appellant was effected while he and Bohlen occupied the fiduciary relation of attorney and client. From appellant's testimony in this case it appears that a judgment for over $1,100 had just been rendered against his client, that the car was valued at $2,073.65 and was taken by appellant for a debt of $1,000 claimed to be owing him from Bohlen. It also appears that Bohlen was without any other assets with which to satisfy the judgment against him. The purported sale, not having been accompanied by an 'actual and continual change of possession,' was presumably fraudulent as to creditors of Bohlen (sec. 3440, Civ. Code), and the burden was on appellant to overcome this presumption. . . . The case is a simple one. The appellant bases his right of action on a purported transfer of a second-hand automobile wherein he failed to meet the requirements of the statute. The section quoted provides that unless these restrictions are followed the 'intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose.' The legislature could scarcely have used words which would have been more expressive of the intention to declare that such transfers could not be effective for any purpose. Such being the case, the transfer could not be effective for the purpose of conferring upon appellant the right of possession necessary for the maintenance of this action."

The cases of *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], and *General Motors Acceptance Corp.* v. *Dallas, supra,* are to the same effect.

Appellants brought this action to recover possession of the Chrysler sedan or the value thereof in case possession could not be had. It was incumbent upon them to prove their right of immediate possession of the car. This they failed to do under the provisions of section 3440 of the Civil Code and of the California Vehicle Act which we have cited. Therefore the judgment of the trial court in favor of respondent was correct and is hereby affirmed.

Barnard, Acting P. J., concurred.

STROTHER, J., *pro tem.*, Dissenting.—I dissent.

The defendant held the legal title to the car, which had been sold under a *conditional sales contract* giving the seller his option, in case of default in making installment payments, either to declare the whole balance due and bring an action for its recovery, or to repossess the car.

Stockdale, the original contract purchaser, transferred possession of the car to one Hollis and assigned to him his interest in the contract of purchase. Thereafter, default having been made in several installment payments, the defendant here exercised its option under the contract and brought an action for the full amount of the balance of purchase price. After the action was brought defendant made demand upon Hollis for possession of the car and he, having no knowledge that action had been brought, and not being then advised of it, turned the car over to this defendant.

Afterward Stockdale and Hollis each transferred whatever interest either had in the car to the plaintiffs here, who made demand upon the defendant for the car, which was refused.

It is conceded that, under the decisions in this state, when the legal owner of personal property which is the subject of conditional sale by contract containing the terms above set forth, elects to sue for the whole amount owing, he thereby confirms absolute title in the purchaser. It seems to me that it must follow as an inevitable conclusion that it was the duty of the seller to facilitate the transfer of title to the purchaser or his successor in interest. Instead, by what seems to me a fraudulent concealment of its election it got possession of the car. That possession could not have been other than wrongful.

After demand made by these plaintiffs the defendant caused a writ of attachment to be issued in its action above mentioned and turned the car over to the sheriff to be held by him under the writ.

I think the facts in this case are clearly distinguishable from those upon which the case of *Samuels* v. *Barnet,* 79 Cal. App. 529 [250 Pac. 405,] was decided. In that case the legal owner, seller under the contract, never had possession of the car, nor did Samuels, the purchaser's assignee.

The car was stored in a garage by the purchaser, who gave plaintiff an order for it. Plaintiff did not take physical possession of the car, or make any attempt to have the legal title in himself, as required by the provisions of the Motor Vehicle Act. In this state of affairs, the plaintiff in an action to recover the purchase price of the car caused an attachment to be levied upon it, and it was sold to the defendant Barnet under execution sale. The court held that the sale to the plaintiff Samuels was constructively fraudulent under the provisions of section 3440 of the Civil Code, and I think rightly so held.

Here the defendant, holding evidence of legal title, by its own act divested itself of any rightful title, obtained possession of the car fraudulently and refuses the demand of plaintiffs who have succeeded to the equitable title and who can only obtain possession or record title by the act, voluntary or enforced, of the defendant. It seems to me that the position of defendant is wholly without merit either in law or good morals.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 5, 1930.