[Civ. No. 2255.   Fourth Appellate District.—May 22, 1939.]

E. B. HOUGHAM, Appellant, v. M. H. ROWLAND, Respondent.

Calvin H. Conron, Jr., for Appellant.

Frederick E. Hoar for Respondent.

GRIFFIN, J.—Appellant was a wholesale used car dealer, and respondent a retail used car dealer at the time of the instant transaction. In April, 1938, respondent purchased 16 vehicles for resale upon his used car lot. Appellant delivered the cars but retained the certificates of ownership. Respondent maintains that the certificates were retained pursuant to an *oral conditional sale agreement*. On June 9, 1938, respondent returned to the place of business of appellant four of said vehicles, and asked that he be given credit upon his account

for the sum stated in the account for which he had agreed to purchase the vehicles. Appellant refused to allow such credit, whereupon respondent left the four vehicles at the place of business of appellant and authorized him to sell them and credit the proceeds to his account. The remaining vehicles were sold by respondent to third persons. Between the date of the filing of the action and the granting of the motion to dissolve the attachment the vehicles returned to appellant were sold by him and credited to the account of the respondent. The complaint is for goods sold upon an open book account. A writ of attachment in due form was issued on the date the complaint was filed. This writ was issued upon the filing by appellant of an affidavit for attachment, reciting the indebtedness and ''that such contract was made and is payable in this state and that payment thereof *has not been secured by any mortgage, deed of trust or lien upon real or personal property;* that said attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor or creditors of said defendant''. Upon a writ so issued, property of the respondent was attached.

Thereafter, respondent moved to dissolve the attachment upon the ground that appellant, at the time of the issuance thereof, held security. The motion was based upon the affidavit of respondent in substance to the effect that except for the sum of $14.09, appellant had security for all merchandise in the form of certificates of ownership for automobiles. The motion was granted. From this order appellant has appealed.

It is contended that the ruling of the court is in error for the following reasons: (1) That appellant did not hold securities of the type prohibited by attachment sections; and (2) That at the time the motion was granted the security, if any, was exhausted.

Section 537, subdivision 1, of the Code of Civil Procedure provides:

''In an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this State, and is not secured by any mortgage, deed of trust or lien upon real or personal property, or any pledge of personal property, or, if originally so secured, such security has, without any act of the plaintiff, or the person to whom the security is given, become valueless; . . . ''

It is to be noted that this section does not prohibit all types of security, but only specific types. It is contended by appellant that the retention of a certificate of ownership of a vehicle sold by a vendor under an oral executory conditional sales agreement does not constitute a mortgage, deed of trust, lien, or pledge of personal or real property.

In *Standard Auto Sales Co.* v. *Lehman*, 43 Cal. App. 763 [186 Pac. 178], the defendant made a motion to dissolve an attachment on the same grounds above stated. The question there presented was similar to the one here presented. In that case the court rejected the claim of the defendant that the plaintiff, by reason of the fact that it retained title to the property and had the right to retake it in case of default on the part of the defendant in the payment of any of the instalments, had security within the contemplation of said section of the code, and held that attachment was a proper remedy.

In determining this question, it is important to notice carefully the precise terms used in the statute. The law does not provide that no attachment shall issue where the plaintiff has other security for the claim, but it designates the specific kinds of security that will bar the remedy, namely, a mortgage, deed of trust, a lien, or a pledge of the property. As to the mortgage or deed of trust, it is quite apparent from the definition of those terms in the code, that appellant had no such security. (Civ. Code, sec. 2920.) (See, also, *Andrews* v. *De Lorm*, 102 Cal. App. 623 [283 Pac. 393] ; 25 Cal. Jur., sec. 6, p. 15.) By the terms of the contract, the appellant remained the legal owner of the property. (*Van Allen* v. *Francis*, 123 Cal. 474 [56 Pac. 339] ; 22 Cal. Jur., sec. 148, p. 1098; *Wyman* v. *Security Ins. Co. of Calif.*, 202 Cal. 743 [262 Pac. 329] ; *Kelly* v. *Smith*, 218 Cal. 543 [24 Pac. (2d) 471].) The question then arises whether the appellant, under the terms of the oral conditional sale agreement, had a lien to secure the payment of the obligation. As to this, it seems to be plain under the law as it existed prior to the repeal of section 3049 of the Civil Code (Stats. 1931, p. 2258) that a vendor's lien did not exist as to personal property independent of possession, or where the property was sold under an executory conditional sale agreement. (*Bice* v. *Harold L. Arnold, Inc.*, 75 Cal. App. 629 [243 Pac. 468].) ■ A conditional vendee receives nothing more than a conditional right of possession and the

security retained by the vendor is not a lien, but is a reservation of title. (*Bice* v. *Harold L. Arnold, Inc., supra.*)

There is no controversy that the appellant, since the execution of the oral conditional sale agreement, has not had possession of any of the vehicles excepting such vehicles as were sold under the conditional sale agreement and delivered and which were later returned to him by respondent under a subsequent oral agreement. A general lien is a charge upon specific property which the holder thereof is entitled to enforce as a security for the performance of the obligation which exists in his favor *against* the owner of the property. (Civ. Code, sec. 2874.) The existence of a lien and ownership as to the same property in the same party at the same time is not in accordance with the legal conception of these terms. It is manifestly the rule that a person cannot have a lien upon personal property of which he is the owner. It would seem plain, therefore, that appellant did not have a lien, as that term is understood in the law, upon any of said vehicles. ■ It seems equally plain that appellant was not secured by a *pledge* of said property. In order to have such security the person who transfers personal property in pledge as a security for a debt must own it or at least have authority to deposit it in pledge. Appellant must have been the pledgee and in possession of the property. (Sec. 2988, Civ. Code; *Goldstein* v. *Hort*, 30 Cal. 372, 375.) By retaining legal title under the executory contract of sale and passing possession at the time of its execution, appellant had neither a lien nor a mortgage as security, but only the bare legal title and the buyer's promise to pay. (*Standard Auto Sales Co.* v. *Lehman, supra,* p. 771.) It is to be observed that the existence of a vendor's lien under section 3049 of the Civil Code (now repealed) always presumed that title to the goods had passed to the vendee, and it has been held that it would be an incongruous conception that the vendor might have a lien upon his own goods. (*Eads* v. *Kessler*, 121 Cal. 244 [53 Pac. 656].)

In the above-cited case the court quotes section 119 of Tiedeman on Sales, as follows: "In order that a vendor of goods may claim a lien on the goods, they must have already become the property of the vendee, for one cannot have a lien on goods belonging to himself. . . . The only cases in which the vendor can have a lien on the goods are those in which the

title to the goods passes to the vendee without delivery or possession.''

■ At the time of the repeal of section 3049 of the Civil Code there was adopted the Uniform Sales Act (Stats. 1931, chap. 1070, p. 2234) providing for unpaid sellers' liens (secs. 1772, 1773, 1774 and 1775, Civ. Code) and also providing that a lien may be lost when the seller delivers the goods to . . . the buyer without reserving the property in the goods or the right of possession thereof; or when the buyer lawfully obtains possession of the goods; or by waiver. (Sec. 1776, Civ. Code.) We find no provision in these sections, under the facts recited above, that would give the appellant a lien constituting security within the meaning of section 537, subdivision 1 of the Code of Civil Procedure or that would change the rule laid down in the cited cases. It is clear from the evidence that at all times appellant had title to and was the legal owner of all the vehicles in question. (Secs. 186, 177 and 178, Vehicle Code; *True* v. *Crane*, 119 Cal. App. 653 [7 Pac. (2d) 375]; *Parke* v. *Franciscus*, 194 Cal. 284 [288 Pac. 435]; *Samuels* v. *Barnet*, 79 Cal. App. 529 [250 Pac. 405]; *Coca Cola Bottling Co.* v. *Feliciano*, 32 Cal. App. (2d) 351 [89 Pac. (2d) 686].)

It was held in *Alexander* v. *Walling*, 105 Cal. App. 525 [288 Pac. 138], prior to the repeal of section 3049 of the Civil Code, that the seller could not have a lien on personal property of which he was the owner, and he had no lien for the price in the case of an executory sale where he retained the title; that section 3049 of the Civil Code, relating to seller's liens, referred only to sales in which the title had passed and not to executory sales where the title was in the seller, and that a sale under an *oral conditional sale agreement* as above mentioned would not transfer title. It would therefore appear that no lien exists for the reason that the vendor cannot have a lien upon personal property of which he is the owner. (*Katzenbach & Bullock Co.* v. *Breslauer*, 51 Cal. App. 756 [197 Pac. 967]; *Standard Auto Sales Co.* v. *Lehman, supra*; *Eads* v. *Kessler, supra*; *Rayfield* v. *Van Meter*, 120 Cal. 416 [52 Pac. 666]; *Rauer* v. *Rynd*, 27 Cal. App. 556 at 563 [150 Pac. 780].)

■ If we accept respondent's only possible remaining available contention, which we do not, that the title to the vehicles did pass to respondent, and that the redelivery of

the four vehicles to appellant for the purpose of sale and applying the proceeds to his account constituted a deposit of security for the payment of the debt within the meaning of section 537, subdivision 1 of the Code of Civil Procedure, then the rule quoted in *Rauer* v. *Rynd, supra,* would apply, viz., ''When personal property is delivered as security the transaction is a pledge. But if the goods are delivered by a debtor to his creditor in payment of the debt, the transaction has the effect of a sale; and the same is true if goods are delivered by the debtor to the creditor to be sold and the proceeds applied on the debt with a return of the surplus.''

■ If we are, therefore, to be guided by the plain meaning of the statute, it would follow that appellant was entitled to the writ of attachment. ■ The only ground upon which this conclusion could be avoided would be that the statute contemplates other security as well as those which are specifically mentioned. We think the statute having specified the four particular kinds of securities, to wit, mortgage, trust deed, lien and pledge, by implication there would be excluded any other species.

It seems to be the well-settled rule that statutes permitting and providing for the levying of attachments must be strictly construed and followed. (*Clyne* v. *Easton, Eldridge & Co.,* 148 Cal. 287 [83 Pac. 36, 113 Am. St. Rep. 253].) When the law, therefore, designates and specifies in what instances an attachment may be issued and in what cases it is not a legal remedy, the express will of the legislature must control.

The record indicates that after the issuance of the writ of attachment and prior to the order releasing the writ, respondent sold the four vehicles for the sum of $99. After expending the sum of $28.65 for parts and replacements, a balance of $361.74 remained due and unpaid. These facts were called to the attention of the court by proper affidavit of the appellant when the motion to discharge the attachment was presented.

In the light of our reasoning and conclusion herein expressed and that expressed in the case of *Standard Auto Sales Co.* v. *Lehman, supra,* we are impelled to hold that the contract was not secured by any mortgage, deed of trust, or lien upon real or personal property, or any pledge of personal property. We think that the trial court, in holding that this was not

a proper place for attachment, has gone outside of the plain meaning of the statute.

The order dissolving and discharging the writ of attachment is reversed.

Barnard, P. J., and Marks, J., concurred.